## Ancerawicz v. Northumberland County

*Joseph S. Hollister*, for plaintiff; *Fred B. Moser*, for defendant.

MORGANROTH, P. J., June 19, 1933.—Plaintiff, the county coroner, and the defendant, the County of Northumberland, have filed a case stated for the judgment of the court, and raise the following questions: Whether, in addition to the salary and traveling expenses allowed by the Act of May 20, 1921, P. L. 1006, as amended by the Act of April 23, 1927, P. L. 377, plaintiff is entitled to be paid by the county (1) for postage incurred by him in the performance of his duties; (2) for telephone tolls incurred by him in the performance of his duties; (3) for witness fees and mileage for attending court as a witness in his capacity as coroner; (4) for a fee of $25 for making a post mortem examination; (5) for traveling expenses at the rate of 10 cents per mile for 65 miles, a total of $6.50, for investigating a death at Kulpmont.

Section 10 of the Act of May 20, 1921, supra, provides that the county at its own cost shall furnish office, furniture, books, stationery, and supplies required for the use of any of the officers included in the act or of any other county officer, but particularly excludes the furnishing of such office, furniture, books, etc., to the coroner.

Section 12 of the same act provides that the salaries fixed and provided in the act shall be in lieu of all or any moneys, fees, perquisites, or mileage, expenses, and other allowances which are now or may hereafter be received by or allowed to any such officer, but provides that the necessary traveling expenses of the officers incurred in the administration of their offices shall be paid by the county.

Postage and telephone calls are in the nature of office supplies, and section 10 of the Act of 1921 expressly excludes the coroner from the county officers who shall be furnished an office and supplies at the cost of the county. Nor do we find any intention on the part of the lawmakers to provide witness fees for coroners while attending court, or a special fee of $25 for making a post mortem examination. Section 12 of the Act of 1921 expressly provides that the salary fixed for the coroner shall be in lieu of all or any moneys, fees, perquisites, or mileage, expenses, and other allowances, and it is plain that the coroner is no more entitled to witness fees or fees for making post mortem examinations than are sheriffs or county controllers for witness fees or fees for any special duty incident to their respective offices. The coroner is, however, entitled to necessary traveling expenses while attending court.

The last question for consideration involves the right of the coroner to collect traveling expenses from the courthouse at Sunbury to the place of his investigation without actually making such a journey. In the case stated for the determination of the court, the facts are that the coroner lives in the Borough of Kulpmont and claims payment for expenses incident to traveling 65 miles circular in the investigation of a death in the town in which he lives, his contention being that because the county seat is 65 miles circular distant from the place of investigation he is entitled to such expenses or mileage. By the same reasoning, if the coroner investigated a death at the county seat, he would be entitled to no traveling expenses, although he actually proceeded from his home in Kulpmont to Sunbury to make the investigation. We cannot subscribe to any such an interpretation of the act, which provides that "necessary traveling expenses" shall be paid by the county. Payment of necessary traveling expenses is quite the reverse of the plaintiff's contention. The coroner has no office in the courthouse at Sunbury; his office is at his home in Kulpmont. His office is his base; calls for his official services come there, and from there he travels to the scenes of his official investigations. Since he is entitled only to necessary traveling expenses, we are of the opinion that he incurs no such expenses in making an investigation at his home in Kulpmont, whereas he would be entitled to traveling expenses in making an investigation at Sunbury.

The Act of April 7, 1927, P. L. 168, which amends section 19 of the Act of March 28, 1814, P. L. 352, 6 Sm. L. 228, and provides for mileage at the rate of 10 cents for each mile circular traveling from the courthouse to the place of viewing the body, applies to coroners receiving fees as compensation. The act, as set forth in its title, is to amend the Act of 1814 "by increasing the fees of the coroner" in counties of the fifth class. The Act of April 23, 1927, supra, expressly includes coroners of counties of the fifth class among the county officers receiving annual salaries, and the emoluments of coroners of counties of this class have since the passage of that act been governed by the Act of May 20, 1921, supra, rather than the acts providing for compensation in fees.

In view of the foregoing discussion, we are of opinion that the coroner is not entitled to postage or telephone tolls or witness fees or fees for making post mortem examinations.

The coroner is entitled to necessary traveling expenses. In computing the coroner's traveling expenses, the county in the past has allowed him the sum of 10 cents per mile circular. As was said by this court, Lloyd, J., in Fisher, Coroner, v. County of Northumberland: "We are not called upon and neither do we here decide upon the justness of the figures claimed (based upon ten cents per mile circular). This opinion is therefore neither to be construed nor is it to be taken as a precedent for establishing either the legality or justness of

such figures." For the purpose of disposing of the question of mileage claimed in connection with witness fees in attending sessions of court, we will allow plaintiff the sum of 10 cents per mile circular in lieu of necessary traveling expenses; it appearing that plaintiff was in attendance at court 7 days, and that the county in the computation of mileage and witness fees has established 50 miles as the circular distance between Kulpmont and Sunbury, judgment is herewith entered in favor of the plaintiff and against the defendant in the sum of $35.

An exception is noted and bill sealed for the defendant, and, as well, for the plaintiff.

From C. M. Clement, Sunbury, Pa.